IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **DAVID EDWIN KOHN, JR.**, Petitioners | ) CRIMINAL NO: 4:07-CR-645-TLW ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, Respondent | ) ) ) |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

The issue raised in this petition by the defendant, is in a nutshell, that Hobbs Act Armed Robbery is not a crime of violence so it cannot support a conviction for a violation of Title 18, United States Code, Section 924(c). The petitioner relies on the United States Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2552 (2015), as a basis for this petition.

His reliance on *Johnson* is misplaced. This same motion has been raised nationwide in the past year. At this point, dozens of district courts have addressed the issue and every single case has held that Hobbs Act Armed Robbery is a predicate offense for a Title 18, United States Code, Section 924(c) violation.

The various district courts have all reached the same conclusion by somewhat different routes. One well-reasoned opinion is *United States v. McDaniels*, 2015WL7455539, E.D. Va. 2015. *McDaniels* and a number of other cases point out that the entire analytical frame work that flows from *Taylor v. United States*, 495 U.S. 575 (1990) and its progeny is a judicially created framework for analyzing prior offenses retroactively at sentencing.

These courts reason that it makes no sense to apply this analysis to this issue because the

1

issue is a question of fact for the jury which the government has to prove beyond a reasonable doubt or by a plea of guilty. That answer makes the most sense and disposes of the necessity for any further inquiry.

Those courts who have applied the *Taylor* framework to this issue have applied the "categorical approach" or the "modified categorical approach." It makes no difference. All have arrived at the same destination. Hobbs Act Armed Robbery fits squarely within the "force clause" of Title 18, United States Code, Section 924(c).

Most decisions have declined to address the question of whether the "residual clause" of Title 18, United States Code, Section 924(c) is void for vagueness as a result of the *Johnson* case. The courts reason that because Hobbs Act Armed Robbery meets the definitional requirements of the "force clause" of Title 18, United States Code, Section 924(c), it is unnecessary to address the "residual clause" argument.

However, those courts that have addressed the "residual clause" argument have rejected it based on the clear distinction between the "residual clause" at issue in the *Johnson* case under the Armed Career Criminal Act and the "residual clause" at issue here under Title 18, United States Code, Section 924(c).

Every district court in the country, that has addressed this issue, has concluded that the defendant's petition has no merit. This court issued an order on May 16, 2016, in *United States v. Wheeler*, 4:15-cr-337-RBH, addressing this issue. This court joined every other district in the United States in holding that a Hobbs Act Armed Robbery is a valid predicate offense for a violation of Title 18, United States Code, Section 924(c). This petition should be dismissed and summary judgment entered in favor of the government.

2

RESPECTFULLY SUBMITTED:

BETH DRAKE
ACTING UNITED STATES ATTORNEY

BY: <u>  s/   Alfred W. Bethea, Jr.         </u>
      ALFRED W. BETHEA, JR.
      Assistant U.S. Attorney
      P.O. Box 1567
      Florence, SC 29503
      (843) 665-6688